HAC\cc
9/28/09

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT AKRON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-59305 |
| DAVID N. DOLTON | ) | CHAPTER 7 |
| Debtor | ) | BANKRUPTCY JUDGE: MARILYN SHEA-STONUM |
| ************************* | ) | |
| HAROLD A. CORZIN, TRUSTEE Commonwealth Square 304 N. Cleveland-Massillon Road Akron, Ohio 44333 | ) ) ) | ADV. PROCEEDING NO. 09-5109 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| DAVID N. DOLTON 2876 Oakcrest Drive Norton, Ohio 44203 | ) ) | **AMENDED C O M P L A I N T:** |
| | ) | **REVOCATION OF DISCHARGE PURSUANT TO 11 U.S.C. §727** |
| Defendant | ) ) | |
| | ) | |

Now comes Harold A. Corzin, Chapter 7 Trustee in this estate and Plaintiff herein, and for his Amended Complaint states as follows:

1. Jurisdiction herein is predicated upon the provisions of 28 U.S.C. §1334, 28 U.S.C. §157(a) and (b) and 11 U.S.C. §727. This matter is a core proceeding as defined by the provisions of 28 U.S.C. §157.

2. Plaintiff is the duly appointed, qualified and acting Chapter 7 Bankruptcy Trustee in this Chapter 7 estate.

3. Defendant is the debtor in this bankruptcy estate which was commenced by the filing of a Voluntary Petition on October 14, 2005.

4. Plaintiff previously filed a complaint against this Defendant seeking a denial of the debtor's general discharge pursuant to the provisions of 11 U.S.C. §727 under Adversary Proceeding No. 06-5101. The allegations and averments in said adversary proceeding are incorporated by reference as if fully rewritten herein.

5. While the allegations and averments set forth in Adversary Proceeding 06-5101 have been incorporated herein by reference per Paragraph 4 above, Plaintiff states that in his opinion, sufficient grounds existed at the time of the filing of Adversary Proceeding 06-5101 so as to deny Defendant his general discharge based upon Defendant's secretion of assets of the estate, transfer of assets and/or funds and perjurious statements made in the context of the Defendant's Schedules and Statement of Financial Affairs and made at Defendant's meeting convened pursuant to 11 U.S.C. §341. Thus, Plaintiff avers that sufficient grounds existed to deny the

Defendant's general discharge at the time of the filing of the aforementioned Complaint.

6. Defendant entered into an agreement with the Plaintiff whereby he agreed to pay the sum of $10,000.00 to the bankruptcy estate. This amount was derived by adding the funds which Plaintiff believed would be received upon the sale of certain real property in Pittsburgh, Pennsylvania, said property being previously undisclosed to the Plaintiff and the aforesaid $10,000.00; Plaintiff believed that the resulting aggregate amount would be sufficient to pay all of the general, unsecured claims of this estate, together with the administrative expense claims.

7. In actuality, accepting the proceeds from the sale of the Pittsburgh, Pennsylvania real property and the Defendant's $10,000.00 did not and will not provide for a 100% distribution to the allowed claims of this estate, primarily due to the fact that administrative expenses were greater than previously estimated and the receipts from the sale of the Pittsburgh, Pennsylvania real property were less than originally anticipated. Counsel fees were greater than anticipated due to additional problems which occurred subsequent to culmination of the settlement negotiations, including the filing of a Chapter 7 bankruptcy proceeding by Tracey Rechtorik, the transferee of the Pittsburgh, Pennsylvania real property.

8. At no time did Plaintiff agree to accept the sum of $10,000.00 from Defendant at the rate of $50.00 per

month; acceptance of payments at that rate would require the estate to remain pending for 200 months or 16-2/3 years.

9. An Affidavit of Plaintiff's counsel outlining events which led to the terms of settlement of Adversary Proceeding 06-5101 with Exhibits attached thereto are annexed hereto as Exhibit 'A' and incorporated herein by reference.

10. A resolution of Adversary Proceeding 06-5101 was set forth in this Court's Order Authorizing Compromise of Controversy of December 7, 2007. That Order directed Defendant David N. Dolton to restore the sum of $10,000.00 to the bankruptcy estate at the rate of $50.00 per month commencing in May, 2007 and continuing through April, 2008. That Order set forth that a balloon payment was due in April, 2008. There were no objections to the Motion which sought the Order and there were no objections to the terms set forth in the Order.

11. Despite repeated demands that Defendant comply with the aforesaid Order, the Defendant has failed and refused to do so.

12. Defendant's failure represents a willful disregard of this Court's Order; coupled with the allegations and averments set forth in Adversary Proceeding No. 06-5101, ample grounds exist for the revocation of the Defendant/Debtor's general discharge pursuant to the provisions of 11 U.S.C. §727.

WHEREFORE, Plaintiff prays that Defendant's general

-4-

discharge, previously granted on February 21, 2008, be revoked, and for such further and additional relief as may be appropriate.

/s/ Harold A. Corzin
HAROLD A. CORZIN (#0005021)
CHAPTER 7 TRUSTEE
Commonwealth Square
304 N. Cleveland-Massillon Rd.
Akron, Ohio 44333
(330) 670-0770 Voice
(330) 670-0297 Facsimile
Hcorzin@csu-law.com

**EXHIBIT 'A'**

# AFFIDAVIT

I, Michael J. Moran, being first duly sworn, do depose and state:

1. That I was retained to represent Harold A. Corzin, Trustee for the Estate of David N. Dolton, in connection with transfer or transfers that occurred from David N. Dolton to Tracey Rechtorik.

2. That Mr. Corzin had advised me that a significant issue existed with respect to Mr. Dolton's disposal of certain funds which he had received from the sale of a property in England.

3. That approximately in excess of $100,000 was received by Mr. Dolton. A significant portion of such money was used by Ms. Rechtorik to acquire property located on Leland in Pittsburgh, Pennsylvania.

4. That I had commenced litigation on behalf of Mr. Corzin seeking to effect a revocation or denial of the discharge of Mr. Dolton and a restoration of these assets to the estate of the debtor.

5. That Mr. Dolton and Ms. Rechtorik were, at this point, represented by Marc Gertz and Peter Tsarnas.

6. That, in April, 2007, the court scheduled several pretrials relating to the settlement of litigation affecting Mr. Dolton and Ms. Rechtorik.

7. At that time, the estate, David N. Dolton, and Ms. Rechtorik entered into an agreement to compromise the controversy. The estate, subject to this court's entry of an order approving the compromise, would agree to dismiss its adversary proceeding seeking a denial or revocation of the debtor's discharge provided it received fund which the trustee believed would nearly satisfy or fully satisfy the claims of creditors after consideration of administrative expense claims.

8. With that goal in mind, the trustee agreed to accept a deed from Tracey Rechtorik conveying the real property located in Pittsburgh, Pennsylvania and agreed to accept the sum of $10,000 to be paid by David N. Dolton. A motion to compromise such controversy containing those terms was filed.

9. Contemporaneously, a proposed order was submitted to Mr. Tsarnas, the attorney representing David N. Dolton, and Tracey Rechtorik.

10. On April 17, 2007, I received correspondence from Mr. Tsarnas objecting to certain terms contained in the proposed order. Although concern was expressed about whether or not the

$10,000 would be paid in full on or before April 1, 2008, there was no indication that was not a term that was part of the agreement. Correspondence is attached as Exhibit A.

11. I thereafter prepared an amended proposed order which I promptly transmitted to Mr. Tsarnas.

12. Thereafter, Tracey Rechtorik filed a petition in bankruptcy creating further delays and further legal effort required for this estate to try to collect the funds to which the creditors of this estate were lawfully entitled.

13. That I finally obtained resolution of all claims associated with the sale of the Pennsylvania property, including abandonment of that property as a potential asset of the estate of Tracey Rechtorik.

14. On July 13, 2007, I received correspondence from Mr. Tsarnas for the first time indicating that there was any problem with respect to the fact that the balance due on the $10,000 would be fully payable by April 1, 2008. By this time, the trustee, in reliance upon the settlement, had ceased prosecution of the two pending adversary proceedings. Correspondence is attached as Exhibit B.

15. On November 13, 2007, the trustee caused an amended motion for entry of order approving compromise of controversy to be filed, again recited Mr. Dolton's obligation to pay the sum of $10,000 on or before the 1st day of April, 2008, and indicated that Mr. Dolton would no longer authorize his attorney to execute the proposed order authorizing the compromise which obligated him to pay that sum on or before that said date.

16. Such notice was served upon all creditors and other parties-in-interest and was further served upon the debtor and his counsel. No objection was made by anyone that the agreement recited in the amended motion or in the original motion was not, in fact, the compromise which had been agreed upon between the parties.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL J. MORAN

| STATE OF OHIO | ) |
|---|---|
| | ) SS |
| SUMMIT COUNTY | ) |

The foregoing affidavit was acknowledged before me, a notary public, by Michael J. Moran on September 18, 2009.

_Sonia N. Madhat_
NOTARY PUBLIC

SONIA N. MADHAT
Notary Public
State of Ohio
My Commission Expires April 2, 2011



LAW OFFICES

# GOLDMAN & ROSEN, LTD.

11 SOUTH FORGE STREET
AKRON, OHIO 44304
Tel (330) 376-8336 Fax (330) 376-2522

GEORGE P. TSARNAS
MICHAEL B. HENDLER
ROBERT M. GIFFIN
MARC P. GERTZ
GARY M. ROSEN
IRVING B. SUGERMAN
MICHAEL A. STEEL
JOY CHICATELLI

STACEY TSARNAS HACKENBERG
JAMES R. RUSSELL, JR.
PETER G. TSARNAS
MATTHEW J. JURKOWITZ

OF COUNSEL
FRANK Z. STEEL

PETER G. TSARNAS: direct dial 255-0735
direct fax number 330-315-7542
email: ptsarnas@goldman-rosen.com
website: www.goldman-rosen.com

SAMUEL GOLDMAN
1917 - 2000

BERNARD I. ROSEN
1918 - 2005

April 17, 2007

Michael J. Moran
Attorney at Law
Gibson & Lowry
234 W. Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44221

      Re:    Harold A. Corzin v. David N. Dolton, et al.
             United States Bankruptcy Court Northern District of Ohio
             Adv. Proc. Nos. 06-5101 and 06-5167

Dear Mr. Moran:

      I am in receipt of your letter dated April 11, 2007, which contained a Motion for Authority to Compromise Controversy, a Proposed Order and a Cognovit Note. The Motion for Authority to Compromise Controversy is acceptable in its present format. However, I do not agree with the terms of the Proposed Order authorizing the compromise of controversy. Mr. Dolton and Ms. Rechtorik never agreed to sign a Cognovit Promissory Note with the Trustee. The defendants will sign a promissory note, however, it cannot be cognovit in nature. It would be my preference that any settlement agreement as it relates to the repayment of $10,000.00 payable to the Trustee have a provision requiring the turnover of the debtors' 2007 federal and state tax refunds to the Trustee, with a caveat that all future tax refunds thereafter also be turned over to the Trustee until the sum of $10,000.00 is paid in full. Given the size of the debtors' previous tax refunds, I find it unlikely that payment in full will occur by April 1, 2008. Therefore, please consider requiring the turnover of all future tax refunds until this sum is paid in full.

      It is also my understanding that the bankruptcy Trustee will abandon any and all claims that the estate has or might have had against Attorney Wesley Johnson for a possible legal malpractice claim. The debtor hopes to pursue these claims, and if successful in that action, will expedite payment to the Trustee.

      Finally, it is also my understanding that your office will prepare a Quit Claim Deed which will purport the transfer of Tracey Rechtorik's interest in the Leolyn Street property to David

April 17, 2007
Michael J. Moran
Page 2

Dolton, subject to the lien held by Jeffrey Rechtorik. Accordingly, please submit a copy of that deed for our review at your earliest convenience.

Please forward a new Proposed Order authorizing the compromise of controversy along with a revised promissory note, so that we may draw this case to a close. If you should have any questions, please feel free to contact me at any time.

Sincerely yours,

*PAT*

PETER G. TSARNAS
Attorney at Law

PGT/lal

EXHIBIT B

LAW OFFICES

# GOLDMAN & ROSEN, LTD.

11 SOUTH FORGE STREET
AKRON, OHIO 44304
Tel (330) 376-8336 Fax (330) 376-2522

GEORGE F. TSARNAS
MICHAEL H. HENDLER
ROBERT M. GIFFIN
MARC P. GERTZ
GARY M. ROSEN
IRVING B. SUGERMAN
MICHAEL A. STEEL
JOY CHICATELLI

STACEY TSARNAS HACKENBERG
JAMES R. RUSSELL, JR.
PETER G. TSARNAS
MATTHEW J. JURKOWITZ

OF COUNSEL
FRANK E. STEEL

PETER G. TSARNAS: direct dial 255-0735
direct fax number 330-315-7542
email: ptsarnas@goldman-rosen.com
website: www.goldman-rosen.com

SAMUEL GOLDMAN
1917 - 2000

BERNARD I. ROSEN
1918 - 2005

July 13, 2007

Michael J. Moran
Attorney at Law
Gibson & Lowry
234 W. Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44221

  Re: Corzin v. Dolton, et al.
    United States Bankruptcy Court, Northern District of Ohio, Eastern Division
    Adversary Proc. 06-5167 and 06-5101

Dear Mr. Moran:

  Pursuant to the settlement in the above-referenced case, enclosed please find a fully executed Quit Claim Deed as it regards the property located at 1814 Leolyn St., Pittsburgh, PA. This day I have also sent a letter to David Dolton regarding the signature on the Settlement Agreement and Promissory Note.

  Should you have any questions or concerns, please feel free to contact me.

          Sincerely yours,

          PETER G. TSARNAS
          Attorney at Law

PGT/lal
Enclosure